# IN THE CIRCUIT COURT OF MARYLAND
## FOR BALTIMORE CITY

|  |  |
|---|---|
| JUDITH THOMAS<br>8752 Lincoln Street<br>Savage, Maryland 20763<br><br>On her Behalf and on Behalf of All Other<br>Consumers Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>DCFS USA LLC<br>d/b/a MERCEDES-BENZ FINANCIAL<br>36455 Corporate Drive<br>Farmington Hills, Michigan 48331-3552<br><br>SERVE ON:<br>The Corporation Trust Incorporated<br>300 East Lombard Street<br>Baltimore, Maryland 21202<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br><br><br>Case No. _____<br><br>JFM 10 CV 2290 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiff Judith Thomas ("Named Plaintiff" or "Thomas"), on her own behalf and on behalf of all others similarly situated, through her attorneys Cory L. Zajdel of Z LAW, LLC, hereby submits this Class Action Complaint against Defendant DCFS USA LLC d/b/a Mercedes-Benz Financial ("Mercedes-Benz Financial") and for support states as follows:

## I.    PRELIMINARY STATEMENT

1.    Thomas institutes this class action against Mercedes-Benz Financial on her own behalf and on behalf of all others similarly situated for violating statutory, common law and contractual obligations and seeks to recover actual damages, statutory damages, interest, attorney

fees, and the costs of this action against Mercedes-Benz Financial for multiple violations of the Maryland's Interest and Usury Act, Md. Code Ann., Comm. Law §§ 12-101 *et seq.* ("I & U"), Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law, §§ 13-101 *et seq.* ("CPA") and Maryland Common Law.

2.      Mercedes-Benz Financial purchases or is assigned hundreds if not thousands of secured consumer automobile financing from motor vehicle dealers in Maryland each year.

3.      Mercedes-Benz Financial requires the Maryland motor vehicle dealers to use form credit contracts created by Mercedes-Benz Financial for any credit contract that will be sold or assigned to Mercedes-Benz Financial.

4.      Many of these financing contracts are governed by I & U.

5.      Mercedes-Benz Financial extends secured automotive financing to many borrowers in Maryland each year for vehicles that have a cash price greater than $25,000.

6.      Mercedes-Benz Financial has made hundreds if not thousands of automotive loans for vehicles that have a cash price greater than $25,000 each year from 2000 to the present.

7.      Each I & U loan that Mercedes-Benz extends includes the retention of a security interest in the vehicle being financed.

8.      As part of many of the I & U loans extended in the state of Maryland, Mercedes Benz Financial provides financing that includes monthly payments that are not large enough to fully amortize the extension of credit.

9.      As a result, Mercedes-Benz Financial requires a balloon payment at the end of the amortization period in many I & U financing contracts to pay off the outstanding balance of the extension of credit.

10.    I & U limits the amount of interest a lender can charge to eight percent (8%) in connection with an extension of credit that includes a balloon payment where a lender retains a security interest in the personal property being financed.

11.    Mercedes-Benz Financial routinely originated or was assigned I & U loans that had a balloon payment and the retention of a security interest in the personal property being financed with a stated simple interest rate greater than 8%

12.    Mercedes-Benz was not entitled to charge or collect simple interest at a rate greater than 8% on these I & U extensions of credit.

13.    Mercedes-Benz Financial repossesses a large number of motor vehicles each year under financing contracts governed by I & U.

14.    In the event its customer fails to reinstate the contract or redeem the vehicle following repossession, Mercedes-Benz Financial sells the customer's vehicle and applies the proceeds toward the balance on the customer's account.

15.    In most cases, the sum Mercedes-Benz Financial obtains for the sale of these vehicles is not sufficient to pay off its customer's motor vehicle loan, resulting in a deficiency balance.

16.    Mercedes-Benz Financial's routine business practice is to never send notices prior to the repossession ("Pre-Repossession Notice") by registered or certified mail at least ten (10) days before the repossession.

17.    Mercedes-Benz Financial's routine business practice is to send its I & U customers notices after the repossession in form notices of the plan to sell ("Pre-Sale Notice") and form notices of the claimed deficiency ("Post-Sale Notice") after the sale in which it demands payment.

18.     If Mercedes-Benz Financial is not able to make payment arrangements with its customer which it regards as satisfactory, it pursues collection action including filing suit against Mercedes-Benz Financial customers or selling the open collection accounts to debt buyers and debt collectors.

19.     Through its failure to provide Pre-Repossession Notices and the use of deficient form Pre-Sale Notices and Post-Sale Notices, Mercedes-Benz Financial has deprived its I & U customers of valuable rights mandated by law.

20.     Mercedes-Benz Financial violated Maryland law by: (1) inaccurately disclosing the amount of money required to redeem; (2) requiring class members to pay repossession expenses to redeem collateral when there was no entitlement to these fees; (3) failing to provide the exact time and place of the sale; (4) affirmatively representing to class members that Mercedes-Benz Financial was entitled to a deficiency balance, which in fact, class members did not owe and Mercedes-Benz Financial could not collect.

21.     As a result of Mercedes-Benz Financial's acts and omissions, Maryland law prohibits Mercedes-Benz Financial from collecting any alleged deficiency which remains after sale of the repossessed vehicle.

22.     Therefore, Mercedes-Benz overcharged Named Plaintiff and each Class member and collected usurious interest rates from Named Plaintiff and each Class member

23.     As a result of Mercedes-Benz Financial's acts, Maryland law enables Named Plaintiff and each Class member to seek and recover compensatory damages, statutory penalties and damages, and declaratory and injunctive relief.

24.     Mercedes-Benz Financial's violations of Maryland law have enriched Mercedes-Benz Financial unfairly at the expense of Maryland borrowers, a practice this suit seeks to end.

25.    Mercedes-Benz Financial's failure to provide Pre-Repossession Notices, the use of deficient form Pre-Sale Notices and Post-Sale Notices which omit material information required by Maryland law and which affirmatively misrepresents required information makes this case particularly suitable for resolution through a class action lawsuit.

26.    Mercedes-Benz Financial's uniform origination and servicing practices as well as its use of form financing contracts in the state of Maryland also makes this case particularly suitable for resolution through a class action lawsuit.

## II.    JURISDICTION

27.    This Court has jurisdiction over this case under Md. Code Ann., Cts. & Jud. Proc. § 1-501.

28.    This Court has jurisdiction over Mercedes-Benz Financial under Md. Code Ann., Cts. & Jud. Proc. § 6-103(1)-(3), as Mercedes-Benz Financial systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland and contracts to supply goods and services in Maryland.

29.    Venue is appropriate in this Court because Mercedes-Benz Financial carry on a regular business in Baltimore City.

## III.    PARTIES

30.    Named Plaintiff Judith Thomas is a natural person currently residing at 8752 Lincoln Street, Savage, MD 20763.

31.    Defendant DCFS USA LLC d/b/a Mercedes-Benz Financial is a limited liability company organized and operating under the laws of the state of Delaware, doing business within this state and with its principle place of business located at 36455 Corporate Drive, Farmington Hills, MI 48331-3552.

32.   Mercedes-Benz Financial is a "person" and a "lender" in each class member transaction as those terms are defined by Md. Code Ann., Comm. Law §§ 12-101(f) and (g).

## IV.   FACTUAL ALLEGATIONS

33.   On or about May 10, 2000, Thomas purchased a 2000 Mercedes-Benz C230 ML with VIN: WDBHA24G0YA852307, from Herb Gordon Automotive Group Inc.

34.   Named Plaintiff purchased and used the car primarily for personal, family and household purposes.

35.   Thomas financed the purchase of the vehicle through Herb Gordon Automotive Group Inc. that was memorialized in a Retail Installment Contract.

36.   The Retail Installment Contract was a form contract provided by Mercedes-Benz Financial.

37.   The cash price of the vehicle Thomas purchased and financed totaled $33,255.

38.   The stated simple annual percentage rate was 14.75%.

39.   Under the terms of the Retail Installment Contract, Thomas agreed to give "a security interest in the vehicle being purchased."

40.   Under the terms of the Retail Installment Contract, Thomas was scheduled to make sixty (60) regular payments in the amount of $641.09 and one final balloon payment of $16,726.15.

41.   Herb Gordon Automotive assigned Thomas' Retail Installment Contract to Mercedes-Benz Financial.

42.   Mercedes-Benz Financial's form credit contract signed by Named Plaintiff does not elect any specific subtitle of Title 12 (Credit Regulations) of Maryland's Commercial Law Article.

43.   Named Plaintiff's RISC is therefore governed by Subtitle 1 of Title 12 of the Commercial Law Article or I & U.

44.   Thomas made and Mercedes-Benz Financial accepted payments on the Retail Installment Contract over the life of the loan.

45.   When the balloon payment of $16,726.15 came due on the loan, Mercedes-Benz Financial agreed to reschedule the balloon payment and to continue operating under the May 10, 2000 Retail Installment Contract.

46.   Under the terms of the Rescheduling Agreement, Thomas was granted an additional forty-eight (48) months to pay off the balloon payment.

47.   The Rescheduling Agreement called for monthly payments of $488.29.

48.   The Rescheduling Agreement disclosed a stated simple interest rate of 14%.

49.   Thomas made and Mercedes-Benz Financial continued to accept payments on the loan after extending the payment period under the Rescheduling Agreement.

50.   Thomas' loan, which includes the Retail Installment Contract and the Rescheduling Agreement, was governed by and subject to the limitations proscribed by Maryland's I & U.

51.   Thomas's Retail Installment Contract purported to allow Mercedes-Benz Financial to charge and/or assess interest at a rate greater than 8%.

52.   I & U, however, only allows a lender to charge and/or assess interest at a simple annual rate of 8% when a loan contains a balloon payment.

53.   Accordingly, Mercedes-Benz Financial cannot charge and/or assess a simple annual interest rate greater than 8% in I & U loans in which a balloon payment is scheduled.

54.     Mercedes-Benz Financial and/or its agents seized and repossessed the 2000 Mercedes-Benz C230ML on or before January 14, 2009.

55.     Named Plaintiff did not receive any Pre-Repossession Notices by registered or certified mail at least ten (10) days before the repossession.

56.     Mercedes-Benz Financial then wrote to Named Plaintiff on January 14, 2009 demanding money and telling Named Plaintiff that the 2000 Mercedes-Benz C230ML would be sold unless Named Plaintiff paid the entire amount due under the contract including any late charges and expenses related to the repossession of the vehicle.

57.     As part of the Pre-Sale Notice provided to Named Plaintiff, Mercedes-Benz Financial failed to state the time and place the 2000 Mercedes-Benz C230ML would be sold.

58.     Mercedes-Benz Financial stated that the vehicle would be sold by "private sale, beginning at 9 o'clock a.m. on 1/30/2009, and from day to day thereafter until sold. Your vehicle will be sold by: Mercedes-Benz Financial[.]"

59.     The 2000 Mercedes-Benz C230ML was actually sold on April 29, 2009.

60.     Mercedes-Benz Financial again wrote to Named Plaintiff on May 7, 2009 demanding money and stating that the sale of the 2000 Mercedes-Benz C230ML did not cover the remaining balance on the credit contract with Mercedes-Benz Financial and that Named Plaintiff had a deficiency balance owed to Mercedes-Benz Financial on the account.

61.     As of the date of this Complaint, Named Plaintiff has not received sufficient or accurate repossession notice as required by I & U.

62.     Because Thomas was charged and/or assessed a simple annual interest rate greater than 8% and Mercedes-Benz Financial accepted payments from Thomas that included simple

annual interest at a rate greater than 8%, Mercedes-Benz Financial required Thomas to pay interest at a usurious rate on the loan.

63.    Mercedes-Benz Financial charged and/or assessed a simple annual interest rate greater than 8% and accepted payments from all Class members that included simple annual interest at a rate greater than 8% on loans.

64.    Therefore, Mercedes-Benz Financial also required all Class members to pay interest at a usurious rate on each Class loan.

65.    Mercedes-Benz Financial's routine business practice is to charge interest on loans greater than that amount permitted by Maryland law.

66.    Mercedes-Benz Financial's form loan contracts provided to Thomas and the Class all contained inaccurate statements regarding the amount Mercedes-Benz Financial was allowed by law to charge for interest.

67.    Mercedes-Benz Financial violated Maryland law in the process of repossessing, storing and disposing of Named Plaintiff and Class member vehicles by: (1) inaccurately disclosing the amount of money required to redeem; (2) requiring class members to pay repossession expenses to redeem collateral when there was no entitlement to these fees; (3) failing to provide the exact time and location where property was sold; (4) affirmatively representing to class members that Mercedes-Benz Financial was entitled to a deficiency balance, which in fact, class members did not owe and Mercedes-Benz Financial could not collect..

## VI.    CLASS ACTION ALLEGATIONS

68. Named Plaintiff brings this action on behalf of two Classes which consists of:

*BALLOON PAYMENT CLASS*

**All persons whose credit contracts included a balloon payment and were charged interest at a rate greater than 8% per year by Mercedes-Benz Financial in connection with a loan governed by I & U.**

*REPOSSESSION CLASS*

**All persons whose vehicles were repossessed by Mercedes-Benz Financial in connection with a credit contract governed by I & U.**

Excluded from the Classes are those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals.

69.     The Classes, as defined above, are identifiable.

70.     The Named Plaintiff is a member of the Classes.

71.     The Classes consist, at a minimum, of several hundred (and likely thousands) of persons who entered into loans directly with or that were assigned to Mercedes-Benz Financial and is thus so numerous that joinder of all Class members is clearly impracticable.

72.     There are questions of law and fact which are not only common to the Classes but which predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

(a) Whether Mercedes-Benz Financial was entitled to charge and/or assess each Balloon Payment Class member and Repossession Class member a simple annual interest rate greater than 8%;

(b) Whether Mercedes-Benz Financial charged and/or assessed each Balloon Class member and Repossession Class member a simple annual interest rate greater than 8%;

(c) Whether Mercedes-Benz Financial collected from each Balloon Payment Class member and Repossession Class member interest at a simple annual rate greater than 8%;

(d) Whether Mercedes-Benz Financial's form loan contracts used in Balloon Payment Class member and Repossession Class member transactions contained a clause creating a security interest in the goods being purchased;

(e) Whether each Balloon Payment Class member and Repossession Class member has suffered damages as a result of Mercedes-Benz Financial's practice of charging and/or assessing and collecting simple annual interest at a rate greater than 8%;

(f) Whether each Balloon Payment Class member and Repossession Class member is entitled to recover the statutory damages enumerated in I & U;

(g) Whether Mercedes-Benz Financial misrepresented in writing to the Balloon Payment Class that it had the right to charge and/or assess Balloon Payment Class members simple annual interest at a rate greater than 8%;

(h) Whether Mercedes-Benz Financial committed an unfair or deceptive trade practice by representing to the Balloon Payment Class in writing that it had the right to charge and/or assess Balloon Payment Class members simple annual interest at a rate greater than 8%;

(i) Whether Mercedes-Benz Financial systematically charged and/or assessed Balloon Payment Class members and Repossession Class members simple annual interest in violation of I & U;

(j) Whether Mercedes-Benz Financial's systematic charging and/or assessing and collecting usurious interest against Balloon Payment Class members and Repossession Class members violated MCPA.

(k) Whether Mercedes-Benz Financial failed to provide Pre-Repossession Notices compliant with I & U § 12-115(c) and (d) to borrowers whose vehicles were repossessed;

(l) Whether Mercedes-Benz Financial failed to provide Pre-Sale Notices required by and compliant with I & U §§ 12-115(e)(1) and (h)(1) to borrowers whose vehicles were repossessed;

(m) Whether Mercedes-Benz Financial failed to provide Pre-Sale Notices required by and compliant with I & U § 12-115(h)(3) to borrowers whose vehicles were repossessed;

(n) Whether Mercedes-Benz Financial failed to provide Pre-Sale Notices required by and compliant with I & U § 12-115(j)(1) to borrowers whose vehicles were repossessed;

(o) Whether Mercedes-Benz Financial misrepresented in writing to the Class its right to collect funds from members of the Repossession Class;

(p) Whether Mercedes-Benz Financial assessed, attempted to collect and/or collected deficiency balances from members of the Repossession Class that it had no legal right to demand or collect, and for which the Repossession Class members were not liable;

(q) Whether declaratory and injunctive relief is proper to prevent Mercedes-Benz Financial from continuing to seek deficiency judgments in violation of I & U and to compel Mercedes-Benz Financial's compliance with I & U;

(r) Whether Mercedes-Benz Financial committed unfair or deceptive trade practices by inaccurately disclosing to the Repossession Class the amount of money required to redeem;

(s) Whether Mercedes-Benz Financial committed unfair or deceptive trade practices by requiring Repossession Class members to pay repossession expenses to redeem collateral when there was no entitlement to these fees;

(t) Whether Mercedes-Benz Financial committed unfair or deceptive trade practices by failing to provide to Repossession Class the exact time and location where the repossessed motor vehicles would be sold; and

(u) Whether Mercedes-Benz Financial committed unfair or deceptive trade practices by affirmatively representing to Repossession Class members that Mercedes-Benz Financial was entitled to a deficiency balance, which in fact, Repossession Class members did not owe and Mercedes-Benz Financial could not collect.

73.     Claims of Named Plaintiff are typical of the claims of the respective members of the Classes within the meaning of Md. Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Mercedes-Benz Financial.

74.     Named Plaintiff will fairly and adequately protect the interests of the Classes within the meaning of Md. Rule 2-231(a)(4).

75.     Named Plaintiff is committed to vigorously litigating this matter.

76.     Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

77.     Neither Named Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

78.    Mercedes-Benz Financial's actions are generally applicable to the respective Classes as a whole, and Named Plaintiff seeks equitable remedies with respect to the Classes as a whole within the meaning of Md. Rule 2-231(b)(2).

79.    Common questions of law and fact enumerated above predominate over questions affecting only individual Class members and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(b)(3).

80.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation and the small amount of potential damages available to each Class member.

81.    Class counsel is experienced in class actions, and foresees little difficulty in the management of this case as a class action.

VI.    **CAUSES OF ACTION**

**COUNT ONE**
**(MARYLAND'S INTEREST & USURY)**

82.    Thomas re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

83.    Maryland's I & U restricts lenders such as Mercedes-Benz Financial from charging or collecting any fees, charges, expenses or interest not specifically provided for under I & U..

84.    When a lender charges or collects a fee, charge, expense or interest not specifically provided for under I & U, the lender must pay the statutory damages provided for in I & U.

85.    Lenders must also follow the strict notice requirements set out in I & U if the lender decides to repossess secured property under an I & U credit contract.

86.     When a lender fails to provide the required notices and the information that is required to be contained there within with respect to repossession of a motor vehicle and the sale subsequent thereto, the lender must pay the statutory damages provided for in I & U and is also not entitled to a deficiency judgment against the debtor.

87.     The amount of interest a lender may charge and/or assess under Maryland's I & U is limited by what type of security a lender takes from the borrower in connection with the loan, the repayment terms of the loan and what notice is provided to owners of repossessed vehicles.

88.     For instance, when a lender extends credit and retains a security interest in the personal property being sold or leased, the loan is controlled by I & U, § 12-103(c).

89.     When a lender retains a security interest in the personal property being sold and the loan contains a balloon payment as part of the repayment terms, I & U, § 12-103(c) limits the amount of interest that a lender can charge and/or assess in connection with a loan to a simple annual stated interest rate of 8%.

90.     When a lender retains a security interest in the personal property being sold and at some point repossesses the secured property, I & U, § 12-103(c) limits the amount of interest that a lender can charge and/or assess in connection with a loan to a simple annual stated interest rate of 8% if the lender fails to provide the proper and adequate notice.

91.     Therefore, Mercedes-Benz Financial cannot charge and/or assess a simple annual interest rate greater than 8% in I & U loans in which a balloon payment is scheduled or when it repossess secured property and fails to provide proper and adequate notice.

92.     In the event, however, that Mercedes-Benz Financial charged and/or assessed more than 8% simple annual interest on the loan, the lender Mercedes-Benz Financial must forfeit the statutory damages enumerate in I & U, § 12-114(a)(1).

93.     Thomas and each Class member's credit contract retained a security interest in the personal property being sold and financed as stated herein.

94.     Mercedes-Benz Financial underwrote and was assigned or sold credit contracts from Maryland motor vehicle dealers that disclosed the balloon payment and a stated simple annual interest rate greater than 8%.

95.     Mercedes-Benz Financial accepted payments from Thomas and each Balloon Payment Class member that included simple annual interest at a rate greater than 8% as stated herein.

96.     In violation of I & U, Mercedes-Benz Financial failed to provide Named Plaintiff and the Repossession Class with the required notices and information that must be contained there within before and after repossessing their vehicles, including but not limited to:

   a.  failing to provide Pre-Repossession Notices;

   b.  inaccurately disclosing the amount of money required to redeem in the Pre-Sale Notices;

   c.  requiring Class members to pay repossession expenses to redeem collateral when there was no entitlement to these fees in the Pre-Sale Notices;

   d.  failing to accurately provide the time and place where the property would be sold and was sold in the Pre-Sale Notices; and

   e.  affirmatively misrepresenting to Class members in the Post-Sale Notices that GMAC was entitled to a deficiency balance, which in fact, class members did not owe and GMAC could not collect.

97.    Although Mercedes-Benz Financial did not provide the required adequate and proper repossession notices under I & U, Mercedes-Benz Financial accepted payments that included interest at a stated annual rate greater than 8%.

98.    Mercedes-Benz Financial required Thomas and each Class member to pay interest at a usurious rate on the loan as stated herein.

99.    Any interest charged in violation of I & U, § 12-103(c) has damaged Thomas and each Class member.

100.   Mercedes-Benz Financial must forfeit and Thomas and each Class member is entitled to recovery of the statutory damages enumerated in I & U, § 12-114(a)(1).

101.   Due to the repossession notice violations alleged herein, in addition to the statutory damages provided for under I & U, Mercedes-Benz Financial is barred from collecting any alleged deficiency judgment from Named Plaintiff and the Repossession Class.

**COUNT TWO**
**(MARYLAND CONSUMER PROTECTION ACT)**

102.   Thomas re-alleges and incorporates by reference the allegations herein, and further alleges:

103.   Maryland's Consumer Protection Act (ACPA®), Md. Code Ann., Comm. Law §§ 13-101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia*, in the extension of consumer credit and in the collection of consumer debts.  §§ 13-303(3) and (4).

104.   As a "person" under the CPA, § 13-101(h), Mercedes-Benz Financial is prohibited from engaging in unfair and deceptive trade practices.

105.   The CPA, § 13-301(1), specifically prohibits Mercedes-Benz Financial from making any false or misleading oral or written statement or other representation of any kind

which has the capacity, tendency or effect of deceiving or misleading consumers.

106.   The CPA, § 13-301(3), further prohibits Mercedes-Benz Financial from failing to state a material fact if the failure deceives or tends to deceive.

107.   In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(1), Mercedes-Benz Financial told Named Plaintiff and the Classes in writing that Mercedes-Benz Financial had the right to: (i) charge and/or assess Class members simple annual interest at a rate greater than permitted by law; and (ii) collect from Class members simple annual interest at a rate greater than permitted by law.

108.   In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(1), Mercedes-Benz Financial told Named Plaintiff and the Repossession Class in writing that: (i) a certain amount of money was required to redeem the collateral when in fact redemption would have required a lesser amount; (ii) they were required to pay repossession expenses to redeem collateral when there was no entitlement to these fees; and (iii) they owed GMAC a deficiency balance which in fact, Class members did not owe and which GMAC could not collect.

109.   These written statements were false and misleading and tended to and did deceive Named Plaintiff and the Class who made payments to Mercedes-Benz Financial which were not due and owing and which they would not have made had Mercedes-Benz Financial informed them of the material facts.

110.   In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(3), Mercedes-Benz Financial failed to disclose to Named Plaintiff and the Classes that Mercedes-Benz Financial did not have a right to: (i) charge and/or assess Class members simple annual interest at a rate greater than 8%; (ii) collect from Class members simple annual interest at a rate greater than 8%.

111.   In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(3), Mercedes-Benz

Financial failed to disclose to Named Plaintiff and the Repossession Class: (i) the amount of money required to redeem; (ii) the exact location and time where property would be sold and was sold; (iii) that Mercedes-Benz Financial did not have the right to a deficiency judgment; and (iv) that Mercedes-Benz Financial did not have the right to collect on a deficiency judgment.

112.     These failures to disclose material facts led Named Plaintiff and the Classes to make payments to Mercedes-Benz Financial, allowed Mercedes-Benz Financial to collect funds from third-parties that belonged to Named Plaintiff and the Classes and allowed Mercedes-Benz Financial to retain funds paid by Named Plaintiff and the Classes which were not due and owing and which they would not have made or allowed Mercedes-Benz Financial to retain had Mercedes-Benz Financial informed them of the material facts.

113.     Mercedes-Benz Financial committed unfair and deceptive practices by collecting and attempting to collect on an alleged debts which, in fact, were not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, § 13-101, *et seq.*, including §§ 13-303(3) and (4), and §§ 13-301(1) and (3).

114.     Mercedes-Benz Financial's numerous violations of I & U are *per se* unfair and deceptive practices.

115.     As a result of Mercedes-Benz Financial's unfair and deceptive trade practices in violation of the CPA, Named Plaintiff and the Classes were induced to make payments to Mercedes-Benz Financial which included the interest charges and non-existent debts, allowed Mercedes-Benz Financial to collect funds that belonged to Named Plaintiff and the Classes and allowed Mercedes-Benz Financial to retain funds paid by Named Plaintiff and the Classes which were not due and owing as stated herein causing Named Plaintiff and the Classes injury and loss.

## COUNT THREE
### (RESTITUTION AND UNJUST ENRICHMENT)

116.    Thomas re-alleges and incorporates by reference the allegations herein, and further alleges:

117.    By making payments which included the interest charges and deficiency balances as stated herein claimed by Mercedes-Benz Financial, Named Plaintiff and Class members conferred a benefit of these illegally collected charges upon Mercedes-Benz Financial.

118.    Mercedes-Benz Financial accepted the benefits conferred upon them by Named Plaintiff and Class members when they accepted the money paid toward illegally assessed interest charges and deficiency balances.

119.    Mercedes-Benz Financial was aware of, and had knowledge of the benefits conferred on them as it demanded those benefits.

120.    Mercedes-Benz Financial's collection, acceptance and retention of these interest charges and deficiency balances, when Mercedes-Benz Financial was not entitled to the them as a matter of law, is and was and continues to be unjust and inequitable.

121.    Mercedes-Benz Financial has not refunded the interest charges and deficiency balance payments to Named Plaintiff and Class members.

122.    Mercedes-Benz Financial should not be permitted to retain the benefits of those illegal interest charges and deficiency balance payments.

123.    Mercedes-Benz Financial's continued withholding of the illegal interest charges and deficiency balance payments is improper.

124.    Named Plaintiff and members of the Class conferred these unjust benefits upon Mercedes-Benz Financial after and as a result of Mercedes-Benz Financial's misconduct as set forth herein.

## COUNT FOUR
### (NEGLIGENT MISREPRESENTATION)

125.   Thomas re-alleges and incorporates by reference the allegations herein, and further alleges:

126.   Mercedes-Benz Financial and its agents and employees negligently made the false and misleading representations and omissions alleged herein.

127.   Mercedes-Benz Financial and its agents and employees negligently failed to disclose the material facts alleged herein.

128.   Mercedes-Benz Financial' agents and employees negligently made and failed to disclose these material facts intending that Named Plaintiff and the Classes would reasonably rely upon the false and misleading representations and omissions to their detriment.

129.   Named Plaintiff and the Classes reasonably relied upon the false and misleading representations and omissions to their detriment.

130.   As a direct and proximate result of these negligent statements, representations, and omissions, Named Plaintiff and the Classes were induced, *ab initio*, to make payments for interest charges and deficiency balances that were either not allowed by law or were greater than the amount allowed by law.

131.   Mercedes-Benz Financial, their agents or employees, owed a duty of care to Named Plaintiff and the Classes.

132.   Mercedes-Benz Financial and through its agents and employees recklessly and negligently breached the duty of care they owed to Named Plaintiff and the Classes by making negligent representations to Named Plaintiff and the Classes and negligently concealing material facts from them, as set forth herein.

133.   Mercedes-Benz Financial and its agents and employees knew, or had reason to

know, that Named Plaintiff and the Classes would reasonably rely on the representations and concealments which if erroneous, would cause loss, injury or damage.

134.   Named Plaintiff and the Classes justifiably and reasonably took actions to their detriment as alleged herein, by paying Mercedes-Benz Financial for interest charges and deficiency balances as stated herein that Mercedes-Benz Financial was not legally entitled to collect, in reliance on the negligent representations and concealments.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Named Plaintiff respectfully prays that this Court:

A.   Assume jurisdiction of this case;

B.   The Court enter an order certifying the Classes under Md. Rule 2-231(b)(2) and (b)(3);

C.   Order that Mercedes-Benz Financial pay to Named Plaintiff, the Balloon Payment Class and the Repossession Class the statutory penalties imposed by I & U, § 12-114(a)(1), by forfeiting the greater of either three times the amount of interest and charges collected in excess of the interest and charges authorized by I & U or the sum of $500 for each Class member;

D.   Order that Mercedes-Benz Financial repay all interest collected from Named Plaintiff, the Balloon Payment Class members and the Repossession Class members greater than a simple annual interest rate of 8%;

E.   Enter an order that due to its violations of I & U, § 12-115, Mercedes-Benz Financial cannot collect the principal amount or any deficiency balance from the Named Plaintiff and the Repossession Class;

F.      Enter an order requiring Mercedes-Benz Financial within 30 days to notify all

        credit reporting agencies to whom it reports that (i) Named Plaintiff and members

        of the Repossession Class have a zero balance on their accounts, and (ii)

        removing any notation to the effect that the account has been charged off;

G.      Award Named Plaintiff, members of the Balloon Payment Class and

        Repossession Class actual damages, reasonable attorney's fees and costs in

        accordance with CPA, § 13-408;

H.      Award Named Plaintiff and members of the Class actual damages;

I.      Enter judgment in favor of Named Plaintiff, members of the Balloon Payment

        Class and Repossession Class against Mercedes-Benz Financial for such

        compensatory damages as the evidence shall warrant;

J.      Award Named Plaintiff and members of the Class punitive damages in such

        amount as a jury deems necessary to punish and deter Mercedes-Benz Financial

        and other lenders from engaging in like conduct;

K.      Enter an award of pre-judgment and post-judgment interest on all sums awarded

        to Named Plaintiff, members of the Balloon Payment Class and Repossession

        Class; and

L.      Award such other relief as the court deems appropriate.

                                        Respectfully submitted,

                                        Z LAW, LLC

Dated: July 7, 2010             By: _____
                                        Cory L. Zajdel
                                        8830 Orchard Tree Lane, Suite 117
                                        Towson, Maryland 21286
                                        (443) 632-3010
                                        **Attorneys for Named Plaintiff and the Class**

## JURY TRIAL

Named Plaintiff on behalf of herself and all others similarly situated demands trial by jury on all issues so triable.

Cory L. Zajdel